IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. WILLIE LEE JILES and LEMARR WASHINGTON, Defendants. | 8:23–CR–98 ORDER FOR ADDITIONAL BRIEFING |

This matter is before the Court on the Magistrate Judge's Findings and Recommendation, recommending that the Court deny the Motions to Dismiss and Motion to Suppress that were filed by both defendants in this case. Filing 61. Counsel for Defendant Willie Lee Jiles filed timely objections to the Findings and Recommendation. Filing 62. Counsel for Defendant Lemarr Washington filed untimely objections to the Findings and Recommendation. Filing 66. However, the bases for both Defendants' Motions to Suppress and Motions to Dismiss arise out of the same set of facts and were argued before the Magistrate Judge at one hearing. *See* Filing 27; Filing 28; Filing 48; Filing 50; Filing 54 (Text Minute Entry); Filing 55 (Text Minute Entry); Filing 60. The Magistrate Judge resolved these Motions in one consolidated Findings and Recommendation. Filing 61. In his objections to the Findings and Recommendation, Counsel for Jiles requests the following:

> To the extent that the Court relies upon the putative discrepancy between Mr. Washington's statement that the pair had been in Las Vegas for "a couple of days" and the license-plate reader data suggesting that the pair had been west of Colorado for about a day-and-a-half (between February 27 and 11pm, March 1), Mr. Jiles believes: a) that is not a discrepancy that rises to the level of reasonable suspicion and b) further briefing should be ordered regarding the Fourth Amendment implications of using this data in a reasonable-suspicion analysis.

Filing 62 at 9.

1

After reviewing the transcript of the hearing that took place on November 6, 2023, the Court notes that although Counsel for Jiles initially offered to provide additional briefing on this issue, Filing 60 at 84, the Magistrate Judge told him, "If you want to do further briefing, you can do that. You just need to let me know if you want to do that." Filing 60 at 91. Counsel for Jiles responded, "If after the court's review of the case it feels that question is left unanswered and wants supplemental briefing, I am well – I am certainly happy to do so, but I am not requesting it at this time." Filing 60 at 91. Later on, Counsel for Jiles said, "I am going to stand by and not create additional work for myself, but if the court wants briefing, I am always happy to provide it." Filing 60 at 92. Counsel for Washington took the same position as well. Filing 60 at 92.

To the extent that Defense Counsel wanted to brief this issue, they were afforded the opportunity by the Magistrate Judge. The Court does not approve of counsel's decision not to take the Magistrate Judge up on her offer to consider additional briefing at that time, but then requesting additional briefing on this issue in an objection to the Magistrate Judge's Findings and Recommendation. Nevertheless, and to avoid any contention that this Court did not fully consider the arguments raised in the objections to the Findings and Recommendation, the Court will permit counsel to provide additional briefing on this matter as requested. Counsel for Jiles and Washington shall have seven (7) days from the date of this Order to submit additional briefing regarding the Fourth Amendment implications of using the license plate reader data at issue in this case in a reasonable-suspicion analysis. The Government shall then have seven (7) days to submit any response it wishes to file.

Particularly given that the request for additional briefing has been made at the request of a defendant, the speedy-trial clock will not begin to run until 30 days after the date on which the Government submits its additional briefing on the matter or 30 days after its deadline for doing so

expires, whichever comes first. *See* 18 U.S.C. § 3161(h)(1)(D) (excluding "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to—delay resulting from any pretrial motion, from the filing of the motion through the conclusion or the hearing on, or other prompt disposition of such motion"); *Henderson v. United States*, 476 U.S. 321, 331 (1986) (holding that a prior provision of the Speedy Trial Act including the same language as the present version of § 3161(h)(1)(D) "excludes time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion"); *id.* ("It would not have been sensible for Congress to exclude automatically all the time prior to the hearing on a motion and 30 days after the motion is taken under advisement, but not the time during which the court remains unable to rule because it is awaiting the submission by counsel of additional materials"). To the extent any party objects to this Court's speedy trial computation, or that speedy trial time shall be calculated in the manner outlined in this order, it shall file an objection so stating within three days of the date of this Order. Accordingly,

   IT IS ORDERED:

1. Counsel for Defendants Willie Lee Jiles and Lemarr Washington shall submit additional briefing regarding the Fourth Amendment implications of using the license plate reader data at issue in this case in a reasonable-suspicion analysis within seven (7) days of the date of this Order;

2. The Government shall have seven (7) days to submit any responsive briefing from the date on which it receives both Defendants' additional briefing; and

3. The time between when the Findings and Recommendation, Filing 61, was filed and 30-days following the filing of the Government's additional briefing or 30-days following the expiration of the Government's deadline for filing additional briefing, whichever comes first, shall be excluded for purposes of speedy-trial.

Dated this 2nd day of February, 2024.

                                               BY THE COURT:

                                               _____
                                               Brian C. Buescher
                                               United States District Judge

4