IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>   vs.<br><br>WILLIE LEE JILES, and<br>LEMARR WASHINGON,<br><br>                     Defendants. | 8:23–CR–98<br><br>ORDER GRANTING UNOPPOSED<br>MOTION TO SEVER |

      This matter is before the Court on Defendant Willie Lee Jiles's Unopposed Motion to Sever. Filing 85. Defendants are jointly charged in a one-count Indictment with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 826. Filing 1 at 1. Trial is set to commence on July 9, 2024. Filing 83. Jiles requests that his trial be severed from that of his co-defendant, Lemarr Washington. Filing 85 at 1. In a supporting brief he filed subsequent to his Motion, Jiles argues that severance is warranted because failing to do so would prejudice his right to a fair trial and run afoul of the strictures set forth by the Supreme Court in *Bruton v. United States*, 391 U.S. 123 (1968). Filing 88 at 7. The Government does not object to Jiles's Motion to Sever. Filing 85 at 2. Nor does Jiles's co-defendant, Washington. Filing 85 at 2.

      Having considered the matter, the Court will grant Jiles's Unopposed Motion to Sever. In *Bruton*, the Supreme Court held "'that a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial,' even with a proper instruction." *Samia v. United States*, 599 U.S. 635, 647 (2023) (referring to its prior decision in *Bruton* and quoting *Richardson v. Marsh*, 481 U.S. 200, 207 (1987)). Following *Bruton*, the Supreme Court decided subsequent cases which

1

distinguished "between confessions that directly implicate a defendant and those that do so indirectly." *Samia*, 599 U.S. at 648 (discussing its past decisions in *Richardson*, 481 U.S. at 200, and *Gray v. Maryland*, 523 U.S. 185 (1998)). Thus, "the *Bruton* rule applies only to directly accusatory incriminating statements, as distinct from those that do not refer directly to the defendant and become incriminating only when linked with evidence introduced later at trial." *Samia*, 599 U.S. at 647.

Counsel for Jiles represents that when law enforcement agents interrogated Washington, Washington not only implicated himself, but he also told them that "Jiles was a 'grown man' and that he (Jiles) knew that he (Washington) had picked up drugs." Filing 88 at 2. Such a statement would tend to implicate Jiles directly rather than indirectly. *See Samia*, 599 U.S. at 648. Moreover, given that the Government does not oppose Jiles's request to sever the trial, the Court has no basis upon which to conclude that it would seek to elicit Washington's statements in an appropriately redacted manner that could pass muster under *Bruton* and its progeny. Therefore, the Court will grant Jiles's Unopposed Motion to Sever.

IT IS ORDERED: Willie Lee Jiles's Unopposed Motion to Sever, Filing 85, is granted.

Dated this 23rd day of May, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge