IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>WILLIE LEE JILES,<br><br>　　　　　　Defendant. | 8:23CR98<br><br>TRIAL BRIEF |

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney for the District of Nebraska, Martin J. Conboy IV, and hereby submits its trial brief. The parties have been able to agree to some stipulations prior to trial. As a result, it is estimated that the trial will last approximately 3 days.

## FACTS

On March 2, 2023, Seward County Sheriff's Deputy Chase Parmer (Parmer) was traveling eastbound on Interstate 80 near mile marker 385 when he observed a Chevrolet Equinox also traveling eastbound in the outside lane.[1] The Equinox drove up behind a tractor trailer that was also in the outside lane, coming to within approximately one second traveling distance behind the tractor trailer. The Equinox attempted to pass the tractor trailer, and after it changed lanes it was then approximately one second behind another vehicle that was already in the inside lane.

A traffic stop was initiated and the driver was identified as Willie Lee Jiles. A single

---

[1] The events of the traffic stop were recorded by Parmer's cruiser camera. The video has three views: driver's view, passenger seat, and back seat. All are played independently.

passenger was identified as Lemarr S. Washington. Jiles was asked to exit and to go back to Parmer's cruiser to be issued a warning.

While running information, Parmer engaged Jiles regarding Jiles travel itinerary. Jiles stated that the vehicle belonged to his girlfriend and Washington was a friend. Jiles couldn't recall where they were coming from, and couldn't give a state or city, only that it was little past Nebraska. Jiles indicated that he was checking out places since he was thinking of moving but couldn't say where he was. He did say that he was there for a day or a day and half.

Parmer returned to the Equinox to check the VIN. While there, he noticed an overwhelming odor of air freshener. Parmer talked to Washington, who stated that they were returning from Las Vegas, Nevada, where they stayed a couple days.

During the traffic stop, Parmer utilized his access to the License Plate Reader database. Parmer was able to find several photos of the Equinox as it traveled through Colorado which were time stamped. These photos showed the Equinox traveling travelling through Grand Junction, Colorado, westbound on February 27, 2023, at 4:22 P.M., and then eastbound on March 1, 2023, at 11:28 P.M. Based on this information, Parmer did not find Jiles information to be true.

At the conclusion of the traffic stop, Jiles was given a warning ticket for following too closely. Parmer then reengaged Jiles regarding contraband. Parmer asked for consent to search the vehicle which was denied. Parmer advised Jiles that he was being detained while he ran his K9 around the Equinox.

Parmer deployed his certified narcotics K9. The K9 gave a positive alert and indication for the odor of narcotics. Washington was then removed from the vehicle and the vehicle was

searched. During the search, Parmer located several bundles totaling more than seven pounds of methamphetamine.

Washington and Jiles were arrested. On Washington's person deputies located $4,658 wrapped in rubber bands. Following their arrest, both were taken to the Seward County Sheriff's Office. Jiles gave a post-<u>Mirandized</u> interview to SA Sean Mann and TFO Chris Rock of the DEA. Jiles initially would not say anything more than that they went to Las Vegas. However, Jiles eventually changed his stance, admitting that they went to California for a day before going to Las Vegas. Jiles also admitted that he knew there were drugs in the Equinox.

DEA SSA Frank Feden will testify as a Rule 16 witness. Notice of this intent was timely provided on June 7, 2024. Feden is expected to testify, based on his training, education, and experience, to certain items and practices consistent with the trafficking of controlled substances.

A plea agreement in this case was offered. At this time, Jiles has elected not to accept the plea agreement. The United States does request that the Court make a record that Jiles has discussed the plea agreement with his attorney. <u>See</u> Missouri v. Frye, 566 U.S. 134 (2012).

Potential Evidentiary Issue

<u>Self-authenticating Business Records</u>

The Government intends to offer Vigilant, Motorola Solutions' records into evidence. Vigilant Motorola Solutions maintains digital records in the same vein as most electronic service providers. The records are self-authenticating under Fed. R. Evid 902(11), 902(13), and 902(14). The Government will offer a certificate of authentication of domestic records. The records meet the business records exception. Fed. R. Evid. 803(6). *United States v. Landaverde-Giron*, 2018 WL 902168, *2 (D. Md. Feb. 14, 2018) (recognizing that "Facebook records are proper business

records that meet the requirements of Rule 902(11)" and that the Government provided sufficient evidence to show the account was linked to the defendant); *United States v. Hassan*, 742 F.3d 104, 133-34 (4th Cir. 2014) (Facebook pages and YouTube videos self-authenticating under Rule 902(11)); *United States v. Jones*, 2016 WL 10704381, *2-3 (E.D. La. Feb. 17, 2016) (Facebook, Google, and Samsung records admissible as business records exception along with 902(11) certificate); *United States v. Ayelotan*, 917 F.3d 394, 402 (5th Cir. 2019) (Google and Yahoo! records admissible as business records and self-authenticating with a custodian certification).[2]

The United States intends to file a motion in limine simultaneously with this brief pursuant to the Criminal Rules of the United States District Court for the District of Nebraska (local rule) 12.3 for this Court to address this issue prior to trial.

Voluntary Statements

Jiles provided statements while in the presence of law enforcement. Following the traffic stop, Jiles was detained and brought to the Seward County Sheriff's Office. While there, Jiles made statements during post-arrest Mirandized interviews with a special agent and task force officer of the DEA. The statements by Jiles was incriminating.

Pursuant to 18 USC § 3501, in any criminal prosecution in the United States, any confession shall be admissible if the confession was voluntarily made. The trial judge shall

---

[2] *See also Randazza v. Cox*, 2014 WL 1407378, *4 (D. Nev. Apr. 10, 2014) (YouTube video self-authenticating if certified by custodian of records in accordance with hearsay exception for business record); *United States v. Gal*, 606 F. App'x 868, 874–75 (9th Cir. 2015) (Yahoo! Records were self-authenticating under Fed. R. Evid. 902(11) as to fact that emails were sent or received from particular email address and identity of the email's sender was established by other extrinsic evidence).

make a determination of voluntariness outside the presence of the jury. Confessions are defined in subsection (e) to include any self-incriminating statement made or given orally. The voluntariness of the statements were not previously raised during pretrial motions. While Jiles did seek to suppress his statements as fruit of the poisonous tree, the voluntariness of the statements was not addressed.

As discussed above, Jiles statements were voluntary. Following the discovery of the methamphetamine, Jiles was arrested and transported to the sheriff's office. The delay between arrest and interview was minimal. Prior to making any statement, Jiles was advised of their rights under <u>Miranda</u>, including their right to an attorney. These rights were knowingly and voluntarily waived. Jiles was aware that they he was being arrested for the methamphetamine that was found in the vehicle. As a result, any statements were voluntary.

UNITED STATES OF AMERICA,
Plaintiff

SUSAN T. LEHR
United States Attorney

By: <u>s/ Martin J. Conboy IV</u>
MARTIN J. CONBOY IV (#22257)
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify on July 2, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

      Richard H. McWilliams
      Assistant F.P.D.
      222. S. 15th Street
      Suite 300N
      Omaha, NE 68102

                                                 s/ Martin J. Conboy IV
                                                 MARTIN J. CONBOY IV
                                                 Assistant United States Attorney